IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Lauren Marston,<br><br>  Plaintiff<br><br>v.<br><br>HarTek Solutions, LLC and Cheryl Harvath,<br><br>  Defendants | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Lauren Marston brings this Complaint for damages and other relief against Defendants HarTek Solutions, LLC and Cheryl Harvath (collectively, "Defendants") and alleges as follows.

## PARTIES

1. Plaintiff Lauren Marston ("Plaintiff" or "Marston") is a resident of Cobb County, Georgia.

2. Defendant HarTek Solutions, LLC ("HarTek") is a Georgia limited liability company with its principal place of business in Fulton County, Georgia.

1

HarTek may be served with a Summons and Complaint upon its registered agent, Cheryl Harvath, at 800 Old Roswell Lakes Parkway, Suite 300, Roswell, GA 30076.

3. Defendant Cheryl Harvath ("Ms. Harvath") is a resident of Fulton County, Georgia and may be served with a copy of the Summons and Complaint at her residence address of 1005 Manchester Way, Roswell, GA 30075.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367, because Plaintiff's Count 1 raises a question of federal law and Plaintiff's Count 2 is so related to Count 1 that it forms part of the same case or controversy.

5. Under 28 U.S.C. § 1391, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## COUNT 1
## FAILURE TO PAY OVERTIME

6. Marston hereby restates and incorporates by reference all previous allegations and statements in her Complaint.

### FACTUAL BACKGROUND

7. Marston commenced working at HarTek on December 9, 2013.

8. Marston's title was Business Operations Coordinator. She had a diverse range of responsibilities including but not limited to entering data into payroll, coordinating business meetings, assisting with managing HarTek employees, and serving as a recruiter for some of HarTek's clients.

9. HarTek classified Marston as a salaried-exempt employee. Her starting salary was $34,500. She received at least two raises during the term of her employment. At the end of her employment, her supposed salary was $41,150.

10. While working at HarTek, Marston was required to work long hours extending well beyond forty (40) hours per week. However, because Marston was ostensibly a salaried-exempt employee, HarTek did not keep

records of her overtime hours. As a result, all of Marston's overtime work was performed "off the clock".

11. HarTek's owner and manager, Ms. Harvath, had an explicit and vocal policy of discouraging employee absences. She frequently threatened to deduct money from employees' paychecks for time off work. These threats were made whenever an employee was absent, regardless of the reason for the absence, and regardless of whether it was for only a single day, or even a partial day.

12. On several occasions during Marston's term of employment, HarTek took deductions from some salaried employees because of their absences. These deductions included sick days and partial days off for illness or personal reasons.

## COVERAGE

13. In the three years prior to the filing of this complaint, Defendants have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the federal Fair Labor Standards Act ("FLSA").

14. In the three years prior to the filing of this complaint, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

15. In the three years prior to the filing of this complaint, Defendants have employed one or more individuals who handled materials that traveled in interstate commerce.

16. In each of the three years prior to the filing of this complaint, Defendants had an annual gross volume of sales made or business done in excess of $500,000.

17. Defendants' annual gross volume of sales made or business done in 2015 will exceed $500,000.

18. Defendants employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

## FLSA VIOLATIONS

19. Under the FLSA, an employee is compensated on a salary basis if the employee regularly receives each pay period a predetermined amount of

money constituting the employee's compensation, which amount is not subject to reductions because of the quantity of work performed.

20. Also under the FLSA, an employee is not paid on a salary basis if deductions are made for absences for sick days or for partial days. An employer who makes improper deductions from salary loses the exemption, if the employer did not intend to pay employees on a salary basis.

21. HarTek's regular practice of communicating to employees its refusal to pay for time off work, and its actual practice of making improper deductions, demonstrates that HarTek did not intend to pay employees on a salary basis.

22. As a result of HarTek's explicit policy of making pay deductions, Marston was never in fact a salaried employee and is entitled to payment of her overtime on an hourly basis at one and a half times her effective hourly rate.

23. HarTek's failure to pay Marston overtime at the required legal rate was a violation of the FLSA.

## COUNT 2
## BREACH OF CONTRACT

24. Marston hereby restates and incorporates by reference all previous allegations and statements in her Complaint.

## FACTUAL BACKGROUND

25. Near the end of her employment at HarTek, Marston emailed Ms. Harvath and requested two days of bereavement leave in 2014, specifically Monday, August 25 and Tuesday, August 26.

26. Ms. Harvath replied and indicated that the bereavement leave was approved.

27. During her bereavement leave, Marston traveled to Indiana to attend a funeral. On the way back one of the tires on her car blew out. As a result, she was delayed in getting back to the office the next Wednesday, August 27.

28. Via email, Marston informed Ms. Harvath about the incident and the expected delay, and stated that she would arrive at the office no later than 11:00 AM.

29. Sometime later, Ms. Harvath responded via text message and told Marston not to come into the office. Subsequently, Ms. Harvath sent another text message informing Marston that her employment was terminated.

30. Marston was never paid for the two days of bereavement leave.

31. The reason given for Marston's termination was "because your attendance violates the company's defined attendance expectations and policies."

## BREACH OF CONTRACT

32. HarTek and Marston entered into a contract when Marston requested and HarTek agreed to provide bereavement leave.

33. HarTek breached that contract when it terminated Marston for poor attendance, because of her absence from work due to her presence at a funeral, which HarTek had explicitly agreed Marston would have time and leave to attend.

34. HarTek breached the contract a second time when, after Marston's termination, it refused to pay her for the two specific days she had taken bereavement leave.

35. Marston was damaged by HarTek's breach in an amount not less than $2,500.

## COUNT 3
## ATTORNEY FEES

36. Marston hereby restates and incorporates by reference all previous allegations and statements in her Complaint.

37. The conduct and acts of Defendants have been either in bad faith or stubbornly litigious, thereby causing unnecessary trouble and expense.

38. As a result of Defendants' conduct, Marston has incurred attorney fees and costs of litigation and will continue to incur said costs and fees in an amount to be determined at trial.

39. Marston is entitled to attorney fees pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a) The Court enter a monetary judgment in favor of Plaintiff;

(b)     The Court enter a declaratory judgment against the Defendants that they violated the FLSA and that their violations of the FLSA were willful;

(c)     The Court award Plaintiff all unpaid wages, as provided by the FLSA;

(d)     The Court award Plaintiff an equal amount as liquidated damages, as provided by the FLSA;

(e)     The Court award Plaintiff prejudgment interest;

(f)     The Court award Plaintiff reasonable costs and attorney fees as provided by the FLSA;

(g)     The Court award Plaintiff damages for breach of contract with prejudgment interest on the same;

(h)     The Court award Plaintiff reasonable costs and attorney fees as provided by the Georgia law; and

(i)     The Court grant Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted this February 4, 2015.

/s/ James Craig

**MAYS & KERR, LLC**  
235 Peachtree St NE | Suite 202  
Atlanta, GA 30303  
T: (404) 410 - 7998  
F: (877) 813 - 1845

James Craig  
Georgia Bar No. 940586  
james@maysandkerr.com

Counsel for Plaintiff  
(of counsel to the firm)