IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREN MARSTON,<br><br>    Plaintiff<br><br>v.<br><br>HARTEK SOLUTIONS, LLC and CHERYL HARVATH,<br><br>    Defendants | CIVIL ACTION FILE NO.<br><br>1:15-cv-00354-MHC<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff provides this memorandum in support of her motion for approval of settlement agreement between the parties.

### FACTUAL BACKGROUND

1. Plaintiff Lauren Marston ("Plaintiff") initiated this lawsuit against the Defendants HarTek Solutions, LLC ("HarTek") and Cheryl Harvath ("Ms. Harvath") (collectively "Defendants"),on February 4, 2015.

2. In her Complaint, Plaintiff alleged that the Defendants were liable to her for unpaid overtime under the FLSA. (Dkt1. ¶¶ 19-23.)

3. Plaintiff further alleged that Defendants intentionally and unlawfully misclassified her as a salaried employee exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Dkt1. ¶ 9.)

4. On March 24, 2015, Plaintiff filed a Notice of Consent to Extend Time to Answer. In this notice, Plaintiff extended Defendants' deadline to answer the complaint to April 20, 2015.

5. As of this filing the Defendants still have not answered the Complaint and are currently in default of their duty to answer.

6. However, during the extension period, Plaintiff through counsel and Defendants through Ms. Harvath engaged in extensive negotiations and informal discovery.

7. As a result of those negotiations and discovery, Plaintiff does not wish to proceed to judgment.

8. Instead, Plaintiff and the Defendants arrived at a compromise and settlement of Plaintiff's claims. A copy of an executed settlement agreement between the parties is included with this motion as **Exhibit 1**.

9.   In essence, Plaintiff has consented to settle her claims for a single lump sum amount of $5,000, to be paid within ten (10) business days after court approval of this agreement.

## STANDARD OF REVIEW

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement.  <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697, 706 (1945).  The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). <u>Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring the proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and

reasonable resolution of a bona fide dispute. Id. at 1354-55. If the settlement reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In this instance, the compromise is reasonable. The Defendants dispute Plaintiffs claims, but they have been unable to answer the lawsuit due to their financial difficulties and would be unlikely to satisfy a judgment in the full amount of Plaintiff's potential damages. (Dec. Craig ¶¶ 6,7.) In light of the limited resources available to Defendants, Plaintiff has consented to accept a modest settlement amount as a gesture of conciliation and as a best possible outcome under the circumstances.

Respectfully submitted: April 23, 2015.

**MAYS & KERR, LLC**  
235 Peachtree St NE | Suite 202  
Atlanta, GA 30303  
T: (404) 410 – 7998  
F: (877) 813 – 1845  

James Craig  
Georgia Bar No. 940586  
james@maysandkerr.com  
(of counsel to the firm)  

Counsel for the Plaintiff

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this document has been prepared with Times New Roman Font (14 point).

Respectfully submitted: April 23, 2015.

**MAYS & KERR, LLC**
235 Peachtree St NE | Suite 202
Atlanta, GA 30303
T: (404) 410 – 7998
F: (877) 813 – 1845

James Craig
Georgia Bar No. 940586
james@maysandkerr.com
(of counsel to the firm)

Counsel for the Plaintiff